```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MIC GENERAL INSURANCE COMPANY,                                          :
                                                                        :
                                    Plaintiff,                          :       15-CV-3324 (JMF)
                                                                        :
              -v-                                                       :       MEMORANDUM OPINION
                                                                        :            AND ORDER
SHAWN CHAMBERS, et al.,                                                 :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This action arises out of an insurance policy issued by Plaintiff MIC General Insurance Company ("MIC") to Defendant Shawn Chambers in February 2015. In filing suit, MIC sought a declaration that it is not obligated to defend or indemnify Chambers (or his parents) in a lawsuit brought by Wanema Allen in state court. On January 22, 2016, MIC moved for summary judgment regarding both its duty to defend and its duty to indemnify, and Allen cross moved for partial summary judgment on MIC's duty to defend alone. (*See* Docket Nos. 61, 67). The Court issued an Opinion and Order on June 6, 2016, granting Allen's motion for partial summary judgment on the duty to defend and denying MIC's motion for summary judgment in its entirety (except as to MIC's duty to defend and indemnify Chambers's parents). *MIC General Ins. Co. v. Chambers*, No. 15-CV-3324 (JMF), 2016 WL 3198307 (S.D.N.Y. June 8, 2016). (Docket No. 83). On July 7, 2016, MIC submitted a motion for reconsideration of that Opinion and Order. (Docket No. 85). For the reasons that follow, the Court denies that motion in part and reserves judgment in part.

MIC raises three sets of arguments in its petition.  First, MIC raises a number of arguments about the meaning of the contractual term "residence premises" that repackage or reframe arguments that were considered and rejected in the original opinion.  "It is well-settled," however, that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, citations, and alterations omitted).  Thus, MIC's first set of arguments is not a valid ground for reconsideration.  (Further, to the extent that some of those arguments raise new points, none of MIC's arguments calls into question the Court's earlier reasoning and conclusion — namely, that the definition of "residence premises" contained in the policy was, at best, ambiguous and that the ambiguity in that definition must be resolved in favor of the insured.)

Second, MIC argues that, even if the definition of "residence premises" includes the insured address, the "rental exclusion" still bars coverage because the insured address does not fall into any of the three subcategories listed in the exception to that exclusion.  On its face, that argument is not without force, as the insured address does not seem to fall within the exception to the exclusion.  Unfortunately for MIC, it never made that argument in its initial briefing on the summary judgment motions; in fact, MIC never even referred to the language from the rental exclusion upon which it now relies.[1]  Instead, MIC stated clearly in its memorandum that the

---

[1]   MIC did include the full text of the rental exclusion in its statement of facts (Docket No. 65 ¶ 25), but it did not quote the language in its memoranda of law or make any argument based on the relevant text.  In fact, MIC did not even mention the rental exclusion in its memorandum

rental exclusion "does not apply to the rental or holding for rental of an 'insured location'" and that the "exception to the exclusion does not apply [in this case] because the Insured Address was not an 'insured location,'" without providing any further explanation or argument. (Docket No. 64 at 15-16). In other words, like the Court, MIC itself treated the applicability *vel non* of the rental exclusion as "depending . . . on whether the Insured Property qualifies as a 'residence premises' within the meaning of the Policy." *MIC*, 2016 WL 3198307, at *4.

To the extent that MIC failed to rely on language in the Policy that might have supported its motion for summary judgment, it has no one to blame but itself and it is not now entitled to a do over. Separate and apart from the traditional principles of waiver and abandonment, *see id.* at *4 n.2 (holding that MIC had "waived or abandoned any argument that" exclusions cited in its Complaint but not argued on summary judgment "appl[ied] with respect to its duty to defend), MIC had the "heavy burden" of proving that a policy exclusion bars coverage. *Silverman Neu, LLP v. Admiral Ins. Co.*, 933 F. Supp. 2d 463, 472 (E.D.N.Y. 2013) (quoting *Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997)). MIC made the (potentially unwise) decision to put all of its eggs in the "residence premises" basket and, in doing so, failed to carry its heavy burden. MIC cannot now use a motion for reconsideration to take a second bite at the apple and raise a new argument that Allen never had the opportunity to

---

of law opposing Allen's summary judgment motion or in its reply memorandum of law in support of its own motion. (*See* Pl.'s Mem. Law Opp'n Def. Allen's Cross-Mot. Partial Summ. J. (Docket No. 74) 4-6; Pl.'s Mem Law Reply To Opp'n Def. Allen (Docket No. 80) 1-3). Thus, it arguably waived or abandoned the argument altogether with respect to its duty to defend. *See, e.g.*, *Neth. Ins. Co. v. Selective Ins. Co. of Am.*, No. 14-CV-7132 (KPF), 2016 WL 866348, at *7 (S.D.N.Y. Mar. 3, 2016) (concluding that a party abandoned arguments that it failed to discuss in its response brief); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) (noting that a counseled response to a motion for summary judgment that makes some — but not all — arguments available generally "reflects a decision by [the] party's attorney to pursue some claims or defenses and to abandon others").

respond to during the original motion practice.  *See Brown v. City of N.Y.*, 622 F. App'x 19, 20-21 (2d Cir. 2015) (summary order) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced" (internal quotation marks omitted)).

MIC's final argument is an odd one: It contends that, given the Court's ruling with respect to its duty to defend, the Court should have *also* entered judgment against it on the duty to indemnify.  That is an odd argument for a few reasons (not the least of which is the peculiarity of a party arguing that a court erred by not ruling against it).  First, Allen did not move for summary judgment on MIC's duty to indemnify; she moved for summary judgment only with respect to MIC's duty to defend.  The Court certainly had authority to grant summary judgment *against* MIC on the duty to defend even in the absence of a cross-motion.  *See, e.g.*, *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV-4348 (JMF), 2014 WL 3439620, at *12 (S.D.N.Y. July 15, 2014) ("[I]n considering a motion for summary judgment, a court may grant summary judgment in favor of the non-moving party even without a formal cross motion if there are no genuine issues of material fact and the law is on the side of the nonmoving party." (internal quotation marks omitted)).  But, denial of a plaintiff's motion for summary judgment does not necessarily — or usually — result in judgment against the plaintiff.  Second, although the Court rejected MIC's reliance on the insured location and rental exclusions, the Court explicitly left the door open for MIC to argue that other exclusions referenced in the Complaint might ultimately defeat coverage with respect to MIC's duty to indemnify.  *See MIC*, 2016 WL 3198307, at *4 n.2.  That is, MIC waived or abandoned reliance on other exclusions for purposes of its duty-to-defend claim because it did not invoke them in opposing Allen's cross-motion for summary judgment.  But Allen did not move for summary judgment on the duty to indemnify

4

and, while MIC did, the law did not require it to make any and all arguments for summary judgment on pain of waiver or abandonment.  In principle, MIC could have decided to seek summary judgment solely on the basis of the insured location and rental exclusions, reserving the right — if unsuccessful — to argue at trial that other exclusions defeated the duty to indemnify.

Nevertheless, MIC states in its motion for reconsideration that "there is no reason to suspend resolution of this declaratory judgment action" and asks that "a final order . . . be entered declaring that MIC has a duty to indemnify Shawn Chambers in the Underlying Action." (Pl.'s Mem. Law Supp. Mot. Recons. (Docket No. 87) 9).  The Court interprets that to mean that MIC waives any other arguments it might have against its duty to indemnify and consents to entry of judgment against it on all grounds (perhaps believing that it is better off taking an immediate appeal from the Court's Opinion and Order than awaiting entry of judgment following resolution of the underlying action).  That is not really a basis for "reconsideration" of the Court's prior Opinion and Order.  Nevertheless, assuming Defendants consent (and why would they not?), the Court has no objection to entering judgment against MIC on both of its claims.  The Court therefore directs Defendants to respond to MIC's request to have judgment entered against it **within one week of this Order**.  That is, Defendants should indicate whether they have any objection to the immediate entry of judgment in their favor on all issues.  Except to that extent, Defendants (obviously) need not respond to MIC's motion for reconsideration.

For those reasons, the Court denies MIC's motion for reconsideration in part and reserves judgment in part.  The Clerk of Court is directed to terminate Docket No. 85.

SO ORDERED.

Date: July 18, 2016
      New York, New York

                                               JESSE M. FURMAN
                                               United States District Judge